Bennett, deceased. The only question was as to whether the will was duly executed, one of the witnesses testifying that there was no publication thereof.

*Thomas J. O' Neil, Adolph Ruger* and *Leonard F. Fish* for appellants.

*Herbert T. Ketcham* for respondent.

Order affirmed, with costs, on ground that contestant's evidence was incredible as matter of law; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FINCH, PRUYN AND COMPANY, INCORPORATED, et al., Appellants, Impleaded with Others.

*Real property — title — constitutional law — motion to vacate and set aside stipulation and deed entered into in settlement of action properly denied.*

*People* v. *Finch, Pruyn & Co., Inc.,* 207 App. Div. 76, affirmed.
(Argued May 13, 1924; decided May 23, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 22, 1923, which reversed an order of Special Term granting a motion to vacate and set aside a stipulation and deed made and entered into in the above-entitled action. The following questions were certified:

" 1. Did the Forest, Fish and Game Commissioner have legal power and authority to order this action to be brought?

" 2. Did the Forest, Fish and Game Commissioner have legal power and authority to compromise this action by accepting from the defendants the deed which reserved to the defendants, grantors therein, the right to cut timber on the lands thereby conveyed?

" 3. Did the plaintiffs on the 4th day of January, 1909, the date of the deed given by the defendants in settlement and compromise of this action, have a title to the lands

thereby conveyed which, under article 7, section 7, of the Constitution of the State of New York, rendered void the reservation of timber rights contained in the deed of January 4, 1909, and recognition of defendants' title by the plaintiffs in said deed? "

*William T. Moore* and *George N. Ostrander* for appellants.

*Carl Sherman, Attorney-General* (*Roy Lockwood* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Not voting: McLAUGHLIN, J.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALESANDRO MISASI, Appellant, *v.* THE WARDEN AND AGENT OF THE BROOKLYN CITY PRISON et al., Respondents.

*Habeas corpus — when writ of habeas corpus properly dismissed.*

*People ex rel. Misasi* v. *Warden & Agent of Brooklyn City Prison,* 208 App. Div. 705, affirmed.

(Submitted May 13, 1924; decided May 23, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 7, 1923, which reversed an order of Special Term sustaining a writ of habeas corpus and remanded the relator to custody. The petition upon which the writ issued, in substance, set forth that the relator was restrained unlawfully of his liberty under the charge of having in his possession a dangerous weapon, to wit, a revolver, without a proper permit therefor.

*Edward J. Reilly* for appellant.

*Charles J. Dodd, District Attorney* (*Henry J. Walsh* of counsel), for respondents.

Order affirmed on ground question argued by appellant is not presented by record; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.